O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>JOHNSON, Warden,<br><br>    Respondent. | Case No. 2:19-cv-06400-KES<br><br>ORDER GRANTING MOTION TO VACATE AND DISMISSING HABEAS PETITION AS SUCCESSIVE |

## I.

## INTRODUCTION

In July 2019, Petitioner Tracy L. Stewart ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) The Petition challenges Petitioner's 1986 convictions for multiple counts of kidnapping and robbery. (Id. at 2.)

The Court ordered Respondent to respond to the Petition. (Dkt. 4 ["Order Requiring Response"].) The Order Requiring Response noted that while Petitioner had filed a previous federal habeas petition in 2014, it was unclear whether the instant Petition was successive, because the California Court of Appeal had ordered modifications to Petitioner's sentence that might have resulted in a new judgment. (See Lodged Document ["LD"] 2, Dkt. 19-2.)

Respondent moved to vacate the Order Requiring Response, arguing that the Petition is successive because Petitioner filed a prior federal petition in Stewart v. State of California, case no. 90-cv-2337-IH-K, denied on the merits ("Stewart I"). (Dkt. 18; see also LD 6.) In supplemental briefing, Respondent noted that Petitioner had filed a second federal habeas petition in Stewart v. McComber, case no. 2:14-cv-01747-DSF-DFM, which was dismissed as untimely (Stewart II"); Respondent also explained that while the California Court of Appeal modified Petitioner's judgment in 1986, it did not remand the case for re-sentencing, and therefore no new judgment was entered after 1986. (Dkt. 25 at 6-7, citing LD 2 at 18.) As a result, both of Petitioner's prior federal petitions challenged the same judgment as his instant third federal Petition.

Petitioner filed an opposition to Respondent's initial motion, arguing that he only discovered the factual basis of his habeas claim under Brady v. Maryland, 373 U.S. 83 (1963) in April 2018. (Dkt. 23 at 3.) Petitioner also filed an opposition to the supplemental briefing, arguing that the state court of appeal lacked the power to simply "modify" his sentence without remanding the case to the trial court for resentencing. (Dkt. 27.)

For the reasons set forth below, the Court (1) GRANTS Respondent's motion to vacate the Order Requiring Response, and (2) DISMISSES the Petition without prejudice as a successive petition pursuant to 28 U.S.C. § 2244(b).

## II.
## DISCUSSION

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in relevant part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus

| | |
|---|---|
| 1 | application under section 2254 that was not presented in a prior |
| 2 | application shall be dismissed unless-- |
| 3 | (A) the applicant shows that the claim relies on a new rule of |
| 4 | constitutional law, made retroactive to cases on collateral review by |
| 5 | the Supreme Court, that was previously unavailable; or |
| 6 | (B)(i) the factual predicate for the claim could not have been |
| 7 | discovered previously through the exercise of due diligence; and |
| 8 | (ii) the facts underlying the claim, if proven and viewed in light |
| 9 | of the evidence as a whole, would be sufficient to establish by clear |
| 10 | and convincing evidence that, but for constitutional error, no |
| 11 | reasonable factfinder would have found the applicant guilty of the |
| 12 | underlying offense. |
| 13 | (3)(A) <u>Before a second or successive application permitted by this</u> |
| 14 | <u>section is filed in the district court, the applicant shall move in the</u> |
| 15 | <u>appropriate court of appeals for an order authorizing the district court</u> |
| 16 | <u>to consider the application.</u> |
| 17 | 28 U.S.C. § 2244(b) (emphasis added). |
| 18 | On the other hand, a second-in-time habeas petition is not "second or |
| 19 | successive" if the petition challenges a "new judgment intervening between the two |
| 20 | habeas petitions." <u>Magwood v. Patterson</u>, 561 U.S. 320, 341-42 (2010) (quoting |
| 21 | <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007)). "[A]n amended judgment constitutes |
| 22 | a new, intervening judgment that renders a subsequent habeas petition not second or |
| 23 | successive even if the petition challenges only undisturbed portions of the original |
| 24 | judgment." <u>Gonzalez v. Sherman</u>, 873 F.3d 763, 768 (9th Cir. 2017). |
| 25 | It is apparent from the face of the Petition that it attacks the same convictions |
| 26 | and sentence as challenged in the 1990 and 2014 federal petitions. Thus, it was |
| 27 | incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth |
| 28 | Circuit authorizing this Court to consider the Petition before filing it in this Court. |

Petitioner's failure to do so deprives the Court of subject matter jurisdiction to consider the Petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner argues that, on direct appeal, the California Court of Appeal was required to remand his case to the trial court for resentencing. (See Dkt. 27 at 7 ["The direct appeal was not complete and final if Petitioner was never resentence[d] due to the invalid statute rendered at sentencing . . . . Here the Courts acknowledge that they ordinarily remand the matter to trial court for resentencing . . . . Here the Courts are flat out admitting to denying a required process."].) Petitioner cites no law that stands for this proposition. To the contrary, California law permits appellate courts to "reverse, affirm or modify a judgment or order appealed from, . . . and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." Cal. Pen. Code § 1260.[1] Petitioner does not explain how this power impinges on his due process rights, other than the ancillary effect this discretion might have on the timeliness or successiveness of certain federal habeas petitions. That would not amount to a due process claim that would be cognizable on federal habeas review. See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

In sum, the Petition now pending constitutes a successive petition challenging the same convictions as Petitioner's prior habeas petitions in Stewart I and Stewart II. Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. Petitioner's failure to secure

---

[1] Moreover, even if the California Court of Appeal should have remanded to the trial court for resentencing, Petitioner's current federal petition would still be successive because the trial court has not, in fact, resentenced him yet. Thus, there has been no new, intervening judgment.

an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper, 274 F.3d at 1274. Because the Petition is successive, the Court will dismiss the Petition without prejudice to the filing of a new action if and when Petitioner obtains permission to file a successive petition.

    IT IS THEREFORE ORDERED that (1) Respondent's motion to vacate the Order Requiring Response is GRANTED, and (2) the Petition is DISMISSED without prejudice.

DATED: January 22, 2020

                              KAREN E. SCOTT
                              UNITED STATES MAGISTRATE JUDGE